OLF3 (Official Local Form 3)
Effective December 1, 2017

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:  
    **Sandra D. Branlund**  
              Debtor(s)

Case No.: **19-10800**  
Chapter 13

## CHAPTER 13 PLAN

*Check one.* This plan is:  
[✓] Original  
[ ] Amended *(Identify First, Second, Third, etc.)*  
[ ] Postconfirmation *(Date Order Confirming Plan Was Entered: _____ )*  
Date this plan was filed: **April 11, 2019**

### PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor.** | [ ] Included | [✓] Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3).** | [ ] Included | [✓] Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | [ ] Included | [✓] Not Included |

### PART 2: PLAN LENGTH AND PAYMENTS

**A.  LENGTH OF PLAN:**

[ ] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);  
[ ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

[✓] 60 Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause: Due to Feasibility.

**B.  PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| $265.00 | 60 |

**C.    ADDITIONAL PAYMENTS:**

*Check one.*

☑    **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**         **$15,900.00**.
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

| PART 3: | SECURED CLAIMS |
|---|---|

☐    **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

**A.    CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

*Check one.*

☐    **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
☑    **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.**
*Complete (1) and/or (2).*

**(1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN**

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)
Address of the Principal Residence:    **810 Main Street Hanover, MA 02339**
The Debtor(s) estimates that the fair market value of the Principal Residence is: $    **440,677.00**

| Name of Creditor | Type of Claim (*e.g., mortgage, lien*) | | Amount of Arrears |
|---|---|---|---|
| SN Servicing Corporation | Mortgage | 810 Main Street Hanover, MA 02339 Plymouth County | $14,200.00 |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $**14,200.00**

(b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral *(or address of real property)* | Amount of Arrears |
|---|---|---|---|
|  |  |  |  |

Total of prepetition arrears on Secured Claim(s) (Other): $**0.00**
**Total prepetition arrears to be paid through this Plan [(a) + (b)]: $14,200.00**

**(2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):**

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Lincoln Automotive Financial Service | Automobile | 2016 Ford Focus 42,000 miles |
| SN Servicing Corporation | Mortgage | 810 Main Street Hanover, MA 02339 Plymouth County |

**B.    MODIFICATION OF SECURED CLAIMS:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*

C. **SURRENDER OF COLLATERAL:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

# PART 4: PRIORITY CLAIMS

*Check one*

☑ **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

# PART 5: NON PRIORITY UNSECURED CLAIMS

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
☑ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☑ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $ **110.00**, which the Debtor(s) estimates will provide a dividend of **4.03** %.
☐ Fixed Percentage: each creditor with an allowed claim shall receive no less than __% of its allowed claim.

A. **GENERAL UNSECURED CLAIMS:**                                                                                          $**2,731.00**

B. **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

C. **NONDISCHARGEABLE UNSECURED CLAIMS (*e.g., student loans*):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

D. **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

E. **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

**The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.**

Total Nonpriority unsecured Claims [A + B + C + D]: **$2,731.00**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: **$110.00**

F. **SEPARATELY CLASSIFIED UNSECURED CLAIMS (*e.g., co-borrower*):**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: **$0.00**

| PART 6: | EXECUTORY CONTRACTS AND UNEXPIRED LEASES |
|---|---|

*Check one*.

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

| PART 7: | POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE |
|---|---|

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

| PART 8: | NONSTANDARD PLAN PROVISIONS |
|---|---|

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*
☐ **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

| PART 9: | SIGNATURES |
|---|---|

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

**/s/ Sandra D. Branlund**         **April 11, 2019**
Sandra D. Branlund                 Date
Debtor

_____            _____
Debtor                             Date

**/s/ Richard D. Smeloff**    Date  **April 11, 2019**
Signature of attorney for Debtor(s)
**Richard D. Smeloff 567869**
**567869 MA**
**Smeloff & Associates**
**500 Granite Ave**
**Suites 7&8**
**Milton, MA 02186**
**617-690-2124**
**rsmeloff@msn.com**

The following Exhibits are filed with this Plan:
☑ **Exhibit 1: Calculation of Plan Payment***
☑ Exhibit 2: Liquidation Analysis*
☐ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
☐ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

*List additional exhibits if applicable.*

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits:** 7

**EXHIBIT 1**

**CALCULATION OF PLAN PAYMENT**

| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | **$14,200.00** |
|---|---|---|
| b) | Priority claims (Part 4.A and Part 4.B Total): | **$0.00** |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | **$0.00** |
| d) | Nonpriority unsecured claims (Part 5.E Total): | **$110.00** |
| e) | Separately classified unsecured claims (Part 5.F Total): | **$0.00** |
| f) | Executory contract/lease arrears claims (Part 6 Total): | **$0.00** |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | **$14,310.00** |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | **$15,900.00** |
| i) | Divide (h), Cost of Plan, by term of Plan, **60** months: | **$265.00** |
| j) | Round **up** to the nearest dollar amount for Plan payment: | **$265.00** |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete (a) through (h) only and the following*:

| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | |
|---|---|---|
| l) | Subtract line (k) from line (h) and enter amount here: | |
| m) | Divide line (l) by the number of months remaining ( months): | |
| n) | Round up to the nearest dollar amount for amended Plan payment: | |

Date the amended Plan payment shall begin: _____

**EXHIBIT 2**

**LIQUIDATION ANALYSIS**

**A. REAL PROPERTY**

| Address<br>(*Sch. A/B, Part 1*) | Value<br>(*Sch. A/B, Part 1*) | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| 810 Main Street Hanover, MA 02339  Plymouth County | 440,677.00 | 465,149.00 | 0.00 |

| | |
|---|---|
| **Total Value of Real Property** (*Sch. A/B, line 55*): | **$ 440,677.00** |
| **Total Net Equity for Real Property** (*Value Less Liens*): | **$ 0.00** |
| **Less Total Exemptions for Real Property** (*Sch. C*): | **$ 0.00** |
| **Amount Real Property Available in Chapter 7:** | **$ 0.00** |

**B. MOTOR VEHICLES**

| Make, Model and Year<br>(*Sch. A/B, Part 2*) | Value<br>(*Sch. A/B, Part 2*) | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| 2016 Ford Focus 42,000 miles | 6,950.00 | 14,347.00 | 0.00 |
| 2001 Chevy Silverado 160,000 miles | 2,175.00 | 0.00 | 2,175.00 |

| | |
|---|---|
| **Total Value of Motor Vehicles** (*Sch. A/B, line 55*): | **$ 9,125.00** |
| **Total Net Equity for Motor Vehicles** (*Value Less Liens*): | **$ 2,175.00** |
| **Less Total Exemptions for Motor Vehicles** (*Sch. C*): | **$ 2,175.00** |
| **Amount Motor Vehicle Available in Chapter 7:** | **$ 0.00** |

**C. ALL OTHER ASSETS** (*Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.*)

| Asset | Value | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **1982 Sunrader Monterey** | 4,000.00 | 0.00 | 4,000.00 |
| **Household Furnishings** | 3,000.00 | 0.00 | 3,000.00 |
| **Misc. Electronics** | 1,000.00 | 0.00 | 1,000.00 |
| **Clothing** | 1,000.00 | 0.00 | 1,000.00 |
| **Misc. Jewelry** | 500.00 | 0.00 | 500.00 |
| **Cash** | 25.00 | 0.00 | 25.00 |
| **Checking: Rockland Trust** | 200.00 | 0.00 | 200.00 |
| **Checking: Rockland Federal Credit Union** | 600.00 | 0.00 | 600.00 |
| **Savings: Rockland Federal Credit Union** | 1.00 | 0.00 | 1.00 |
| **401(k): 401K Through Employer - Just Started** | 80.00 | 0.00 | 80.00 |

| | |
|---|---|
| **Total Value of All Other Assets:** | **$ 10,406.00** |
| **Total Net Equity for All Other Assets** (*Value Less Liens*): | **$ 10,406.00** |
| **Less Total Exemptions for All Other Assets**: | **$ 10,406.00** |
| **Amount of All Other Assets Available in Chapter 7:** | **$ 0.00** |

**D. SUMMARY OF LIQUIDATION ANALYSIS**

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (*Exhibit 2, A*) | $ 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (*Exhibit 2, B*) | $ 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | $ 0.00 |
| **TOTAL AVAILABLE IN CHAPTER 7:** | **$ 0.00** |

**E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:   **Sandra Branlund**   Case No.  **19-10800 – MSH**
Chapter 13

**Instructions to Debtor(s):**

A. Pursuant to MLBR, Appendix 1, Rule 13-4(b), the Debtor(s) or Debtor(s)'s attorney shall cause a copy of the Plan to be served by first class mail or other permitted means upon the Chapter 13 trustee, all creditors of the debtor, all attorneys who have filed a notice of appearance and request service of all pleadings, and other parties in interest (collectively referred to as the "recipients") using this form, Official Local Form 3A ("OLF 3A"). You must list each recipient's name and mailing address in the Certificate of Service. Do not include account numbers or any personal identifier. See Fed. R. Bankr. P. 9037.

B. **If in the Plan you request:**
**(1) to limit, modify, or determine the amount of a secured claim (you checked the box "Included" in Part 1, Line 1.1); and/or**
**(2) to avoid a judicial lien or nonpossessory, nonpurchase-money security interest (you checked the box "Included" in Part 1, Line 1.2 ),**

**you must, in addition to serving the Plan as set forth above in Section A and using OLF 3A, ALSO serve a copy of this Plan on the holder(s) of the affected claim(s) and any other entity the Court designates in the manner provided for service in accordance with Fed. R. Bankr. P. 7004, using the Affidavit of Service of Chapter 13 Plan, Official Local Form 3B ("OLF 3B").**

C. If serving creditors only under Section A, file only OLF 3A with the Court after service is made. If serving creditors also under Section B, you must file both OLF 3A and OLF 3B with the Court after service is made.

### CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I/We hereby certify that on April 11, 2019 and in accordance with MLBR, Appendix 1, Rule 13-4(b), I/we served by first class United States mail a copy of this Plan to the on the parties on the attached list.

By the Debtor(s):
**Sandra Branlund**

**/s/ Richard D. Smeloff**
Richard D. Smeloff
BBO# 567869
Smeloff & Associates
500 Granite Ave
Suite 7 & 8
Milton MA 02186
(617) 690-2124
rsmeloff@msn.com

Kohls/Capital One
Kohls Credit
Po Box 3120
Milwaukee, WI 53201

Lincoln Automotive Financial Service
Attn: Bankruptcy
Po Box 542000
Omaha, NE 68154

LVNV Funding/Resurgent Capital
Po Box 10497
Greenville, SC 29603

Orlans PC
PO Box 540540
Waltham, MA 02454

Pay Pal Credit
P.O. Box 71202
Charlotte, NC 28272

SN Servicing Corporation
323 5th Street
Eureka, CA 95501